IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| STAFFING NETWORK HOLDINGS, INC., WWIL PERSONNEL, LLC, WJI INDUSTRIES, INC., and SERGIO REYES, | ) No. 24 CV 3247 ) ) Judge Jeffrey I. Cummings ) |
| Defendants. | ) ) |
| STAFFING NETWORK HOLDINGS, INC., WWIL PERSONNEL, LLC, and WJI INDUSTRIES, INC., | ) ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| v. | ) ) |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) |
| Third-Party Defendant. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Philadelphia Indemnity Insurance Company ("Philadelphia"), brought this declaratory judgment action against defendants Staffing Network Holdings, Inc., WWIL Personnel, LLC, and WJI Industries, Inc. (collectively "Staffing") in the Circuit Court of Cook County, seeking a declaration that it had no duty to defend or indemnify Staffing against an underlying class action lawsuit. After removing the case to this Court, Staffing brought a

counterclaim against Philadelphia alleging that the insurer breached its contract with Staffing by failing and refusing to defend Staffing in the underlying class action lawsuit. Staffing also filed a third-party complaint against Zurich American Insurance Company ("Zurich"), similarly alleging that Zurich breached its contract with Staffing by failing and refusing to defend Staffing in same underlying class action lawsuit.

Zurich now moves to strike, dismiss, or stay Staffing's third-party complaint against it, (Dckt. #32), arguing, among other things, that it is not properly joined as a party to Staffing's counterclaim against Philadelphia under Federal Rule 20. For the reasons set forth below, the Court agrees. The Court therefore grants Zurich's motion to the extent it seeks dismissal of Staffing's third-party complaint and denies the remainder of Zurich's motion as moot. Because the Court finds that dismissal of the third-party compliant is proper, the Court also denies Defendant Sergio Reyes' Opposed Motion for Joinder in the Third-Party Complaint Pursuant to Rule 20(a)(1), (Dckt. #53), and Staffing's Motion for Leave to Amend the Third-Party Complaint to Add a New Third-Party Defendant, (Dckt. #55), as moot.

I.     ALLEGATIONS IN THE THIRD-PARTY COMPLAINT AND PROCEDURAL BACKGROUND

On November 24, 2020, Anthony Quentere filed a class action complaint against Staffing in the Circuit Court of Lake County seeking redress on behalf of himself and all others similarly situated for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS §41/1,

*et seq*. (Dckt. #16 ¶9; Exhibit G).[1] Sergio Reyes later filed a first amended complaint, substituting himself for Quentere (hereafter the "Reyes Class Action"). (Dckt. #16 ¶11).[2]

On April 12, 2024, Philadelphia filed a declaratory judgment action against Staffing in the Circuit Court of Cook County, seeking a declaration that it has no duty to defend or indemnify Staffing against the Reyes Class Action.[3] (Dckt. #1-1). Staffing timely removed Philadelphia's complaint to this Court, (Dckt. #1), (the "Philadelphia Declaratory Judgement Action"), and Philadelphia has since consented to this Court's jurisdiction, (Dckt. #20).

On May 17, 2024, Staffing submitted two filings in this matter: its answer and counterclaim to Philadelphia's complaint, (Dckt. #15), as well as a third-party complaint against Zurich. (Dckt. #16). In its counterclaim against Philadelphia, Staffing alleges that Philadelphia breached its contract with Staffing and its duty to defend Staffing against the Reyes Class Action. (Dckt. #15). Staffing's third-party complaint against Zurich similarly alleges that Zurich breached its contract with Staffing by failing to honor its duty to defend Staffing in the Reyes Class Action (the "Third-Party Complaint"). (Dckt. #16).

Twelve days after Staffing filed its Third-Party Complaint against Zurich in this Court, Zurich filed its own complaint against Staffing in the Circuit Court of Cook County, seeking a declaration that it has no duty to defend or indemnify Staffing against the Reyes Class Action

---

[1] *See Anthony Quentere, Individually, and on behalf of all others similarly situated, v. WWIL Personnel, LLC, WJI Industries, Inc., and Staffing Network, LLC*, Case No. 2020 CH 00000654, filed of in the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois.

[2] Following Sergio Reyes' death, the Independent Administrator of his estate, Roberto Reyes, filed a second amended complaint substituting himself for Sergio Reyes. (Dckt. #53 at 1).

[3] *See Philadelphia Indemnity Ins. Co. v. Staffing Network Holdings, LLC; WWIL Personnel LLC; WJI Industries, Inc.; and Sergio Reyes*, Case No. 24CH03181, filed in the Circuit Court of Cook County.

3

("Zurich State Court Action").[4] (Dckt. #33-1). Staffing filed a motion to dismiss or stay the Zurich State Court Action, in part on the basis that a parallel action was already proceeding before this Court. (Dckt. #70 at 3). The Circuit Court of Cook County denied Staffing's motion on May 6, 2025 and again on reconsideration on October 23, 2025. (Dckt. #70 at 3–5).

In the meantime, Zurich filed a motion to strike, dismiss, or stay the Third-Party Complaint, which is presently before this Court. (Dckt. #32). In its motion, Zurich argues, among other things, that it has been improperly joined in this action such that the Third-Party Complaint should be dismissed. Also pending before the Court are Staffing's motion for leave to amend the Third-Party Complaint to add a new third-party defendant (Dckt. #55), and Sergio Reyes' motion to join as a plaintiff to the Third-Party Complaint, (Dckt. #53). For the reasons set forth below, the Court finds that Zurich is not properly joined in this action. The Court therefore grants Zurich's motion in part, (Dckt. #32), and dismisses the Third-Party Complaint. The remainder of Zurich's motion, as well as Staffing's Motion for Leave to Amend the Third-Party Complaint to Add New Third-Party Defendant (Dckt. #55), and Sergio Reyes' Motion for Joinder in the Third-Party Complaint Pursuant to Fed. R. Civ. P. 20(a)(1), (Dckt. #53), are denied as moot.

## II. ANALYSIS

Before reaching the merits of the parties' arguments on joinder, the Court first must address a threshold issue as to whether the Third-Party Complaint comports with the Federal Rules of Civil Procedure. On its face, the Third-Party Complaint references Federal Rule 14(a). (*See* Dckt. #16 at 1). Under Rule 14(a), "a defending party may, as third-party plaintiff, serve a

---

[4] *See Zurich Am. Ins. Co.* and *Am. Guarantee & Liability Ins. Co. v. Staffing Network Holdings, LLC; WWIL Personnel LLC; WJI Industries, Inc.; and Sergio Reyes*, Case No. 24CH05034, filed in the Circuit Court of Cook County.

4

summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it," so long as it does so within "14 days after serving its original answer." Fed.R.Civ.P. 14(a).

There is no doubt that Staffing filed its original answer in the Philadelphia Declaratory Judgment Action and its third-party complaint against Zurich on the same day, thereby abiding by Rule 14(a)'s fourteen-day requirement. (*See* Dckt. ##15, 16). The problem, however, is that when Staffing was confronted with Zurich's motion to dismiss—including Zurich's argument that Staffing failed to meet other requirements of Rule 14—Staffing abandoned its position, characterizing its reference to Rule 14 as a "mistaken[,]" "technical error" which was the result of "mislabeling." (Dckt. #38 at 1, 3). Through its opposition briefing, Staffing now argues that its joinder of Zurich is proper under Rules 13 and 20. (*Id.* at 4–6). Unlike Rule 14, however, Rules 13 and 20 do not allow Staffing to, as a matter of right, serve a summons and complaint on a nonparty. Instead, Staffing must obtain leave of court—which it has not done here.[5]

Yet, even if Staffing had filed a motion for leave, the Court finds that dismissal of the Third-Party Complaint is proper because it fails to comply with Rule 20. To reach the parties' arguments regarding Rule 20, the Court first looks to Rule 13, which governs counterclaims and crossclaims. *See* Fed.R.Civ.P. 13. Relevant here, Rule 13(h) authorizes the joinder of an additional party to a counterclaim, so long as the new party meets Rule 20's requirements. *See* Fed.R.Civ.P. 13(h). Rule 20 in turn provides that persons "may be joined in one action as defendants if . . . any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of

---

[5] Staffing seemingly acknowledges the proper procedure, because it later filed a Motion for Leave to Amend the Third-Party Complaint to Add New Third-Party Defendant pursuant to Rules 15 and 20. (*See* Dckt. #62).

law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). In other words, if Staffing's counterclaim against Philadelphia is proper, and the claims in Staffing's Third-Party Complaint against Zurich arises out of the same transaction or occurrence with common questions of law or fact as the Philadelphia counterclaim, then Zurich is properly joined.

The parties do not dispute that Staffing filed a proper counterclaim against Philadelphia, thus the Court turns to whether the claims in the Third-Party Complaint arises out of the same transaction or occurrence with common question of law or fact as the Philadelphia counterclaim. "Although the Federal Rules do not define 'transaction or occurrence,' courts have generally adopted a 'logical relationship' test." *ReceiverShip Mgmt., Inc. v. A.J. Corso & Assocs., Inc.*, No. 19-CV-01385, 2021 WL 1222897, at *11 (N.D.Ill. Mar. 31, 2021). Under this test, claims have a logical relationship when there is a "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012). Courts are clear that "to be part of the same transaction requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Id.* at 1359 (cleaned up).

Staffing argues that its counterclaim against Philadelphia and its claims in the Third-Party Complaint against Zurich arise from the same transaction or occurrence and contain common questions of law and fact because Staffing seeks defense from both insurers in the Reyes Class Action, the "policies contain similar overlapping provisions," and both insurers "provide coverage for the same claim, just different policy periods." (Dckt. #38 at 6). This argument, which Staffing puts forth without citing any authority, is contrary to the holdings of courts both in this District and across the country.

6

For example, in *Old Guard Ins. Co. v. Saoirse Homes LLC*, Old Guard, an insurance company, filed an action seeking declaratory judgment that it did not have a duty to defend or indemnity Saoirse Homes LLC ("Saoirse") and Selene Homes LLC ("Selene") in an underlying trademark infringement suit. No. 3:22-CV-50413, 2023 WL 5289443, at *1 (N.D.Ill. Aug. 17, 2023). Old Guard then filed a motion for leave seeking to amend its complaint to add its affiliate, Westfield Insurance Company ("Westfield"), as a plaintiff, and Jeffrey Petry and the Petry Trust as defendants. Saoirse and Selene each had a commercial insurance package policy issued by Old Guard, and the Petry Trust had a commercial insurance package policy issued by Westfield. *Id.* at *1.

The court denied Old Guard's motion for leave, finding that "Saoirse, Selene, and the Petry Trust ha[d] three distinct, separately negotiated insurance contracts that provide[d] different periods of coverage." *Id.* at *3. The Court reasoned that although the underlying action "alleged that each defendant infringed on the same blueprints . . . there [wa]s no common question of law or fact shared between the Old Guard policies and the Westfield policy, because the policies [we]re not identical, and each contract [would be] interpreted as a whole to determine whether the insurance company must defend its insureds." *Id.* The court also was not persuaded by Old Guard's argument that joinder of the parties would "preserve judicial resources" based on the fact that "the [c]ourt [would] have to examine each policy separately, regardless of whether Westfield, Petry and the Petry Trust join[ed the] matter." *Id.* The Court therefore denied Old Guard's motion to amend. *Id.* at *4.

Similarly, in *Dolan v. Safeco Ins. Co. of Indiana*, the court found that plaintiffs' claims were not properly joined under Rule 20(a) where plaintiffs "purchased and were issued . . . distinct insurance policies from defendant at different times" and "defendant [would] likely have

7

different justifications for denying and/or limiting each plaintiff's claims." 297 F.R.D. 210, 212 (E.D.N.Y. 2014); *see also Evridges, Inc. v. Travelers Lloyds Ins. Co.*, 15-cv-179, 2015 WL 5918044, at *2 (W.D.Tex. Oct. 9, 2015) (same); *Salle v. Allstate Ins. Co.*, No. 13 CV 6020 SJF GRB, 2013 WL 6328218, at *2 (E.D.N.Y. Dec. 3, 2013) (same).

Likewise, here, the Philadelphia contract and Zurich contract are distinct from one another; were separately negotiated and issued by different insurance carriers; and provide for different periods of coverage. And like the defendant in *Dolan*, Philadelphia and Zurich have different justifications for denying Staffing's claims. *Compare* Dckt. #1-1 at 9–11 (asserting as defenses to Philadelphia's duty to defend, *inter alia*, the Absolute Cyber Exclusion, Access or Disclosure of Confidential or Personal Information Exclusion), *with* Dckt. ##16-1 to 16-6 (demonstrating that Zurich's policies do not contain similar exclusions).

In sum, the Court finds that the claims in the Third-Party Complaint do not arise out of the same transaction or occurrence with common question of law or fact as the Philadelphia counterclaim, such that Zurich is therefore not properly joined to this action under Rule 20. The Court therefore grants Zurich's motion to dismiss the Third-Party Complaint. The parties' arguments with respect to Zurich's duty to defend may be addressed in the pending Zurich State Court Action.

## CONCLUSION

For the foregoing reasons, Zurich's motion to strike, dismiss, or stay the third-party complaint, (Dckt. #32), is granted in part, and Staffing's third-party complaint is dismissed. The remainder of Zurich's motion is denied as moot. Because the Court finds that dismissal of the Third-Party Complaint is proper, Motion for Leave to Amend the Third-Party Complaint to Add

8

New Third-Party Defendant (Dckt. #55), and Sergio Reyes' Motion for Joinder in the Third-Party Complaint Pursuant to Fed. R. Civ. P. 20(a)(1), (Dckt. #53), are denied as moot.

**DATE:** **November 12, 2025**

_/s/ Jeff Cummings_
**Jeffrey I. Cummings**
**United States District Court Judge**